# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAVID MIRANDA,

      Plaintiff,

v.                                                    Case No:   6:24-cv-01412-CEM-LHP

VAN MAX, INC,

      Defendant

_____

## ORDER

Before the Court is Plaintiff's Motion for Final Default Judgment Against Van Max, Inc. d/b/a Cantina Dos Amigos.  Doc. No. 15.  Upon review, and for the reasons discussed below, Plaintiff's motion (Doc. No. 15) will be **DENIED without prejudice**.

On July 31, 2024, Plaintiff David Miranda filed a complaint against Defendant Van Max, Inc., d/b/a Cantina Dos Amigos.  Doc. No. 1.  Plaintiff alleges a claim for violations of the minimum wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Count I), and an action to collect on worthless checks pursuant to Fla. Stat. § 68.065(3) (Count II).  *Id.*  According to the complaint, Plaintiff was employed at Defendant's Mexican restaurant in Indialantic, Florida, as a "salaried Manager/Team Leader" for four months.  *Id.* ¶¶ 7, 16–19,

36.    Plaintiff alleges that during his employment, he worked approximately eighty-four (84) hours per week, but he was compensated $1,200.00 per week regardless of the number of hours worked. *Id.* ¶¶ 20–21, 27.   And for four (4) weeks of his employment, Defendant did not compensate Plaintiff at all because Defendant issued worthless checks. *Id.* ¶¶ 22–26, 37–40.

Plaintiff filed a return of service demonstrating that Defendant was served with a copy of the summons and complaint on August 9, 2024.   Doc. No. 11. Defendant has not appeared in this matter, however.    Fed. R. Civ. P. 12(a)(1)(A)(i). On Plaintiff's motion, Clerk's default was entered against Defendant.   Doc. Nos. 12–14.   Now, Plaintiff seeks default judgment.   Doc. No. 15.

Although Clerk's default has been entered, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]   A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *See id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.   *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

- 2 -

sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.   *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally in the context of motions for default judgment.   *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

Here, while Plaintiff is correct that by virtue of its default, Defendant has admitted the well pleaded allegations of the complaint, Plaintiff does not sufficiently brief the issue of Defendant's liability on either claim (Counts I or II) for the Court.   Doc. No. 15.[2]   "It is Plaintiff's burden to address the elements of the

---

[2] To the extent that Plaintiff points to Federal Rule of Civil Procedure 55(b)(1), "[a]lthough Rule 55(b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment."   *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talent Agency, Inc.*, No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)).

causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements." *Pasteur v. Arc One Protective Servs. LLC*, No. 6:23-cv-1479-CEM-DCI, 2025 WL 436736, at *3 (M.D. Fla. Feb. 7, 2025). Instead, however, Plaintiff summarily concludes that the complaint contains well-pleaded allegations "concerning the employer-employee relationship, enterprise coverage, and the Plaintiff's entitlement to be compensated one-and-one half times his regular hourly rate for some hours worked over forty (40) in one or more workweeks of his employment." Doc. No. 15, at 3 & n.1.[3] This is insufficient to support a request for default judgment on either claim. *See Pasteur*, 2025 WL 436736, at *3 (finding motion for default judgment insufficient for the same reasons); *see also Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *2 (M.D. Fla. Apr. 19, 2019) (denying motion for default which "merely points out that the Clerk entered default, cites Rule 55(b)(1), and refers to the attached affidavit" and which otherwise did not include a legal memorandum as required by Local Rule 3.01(a)); *McCraken v. Bubba's World, LLC*, No. 6:09-cv-1954-Orl-28DAB, 2010 WL 3463280, at *2 (M.D. Fla. Aug. 4, 2010), *report and recommendation adopted*, 2010 WL 3463277 (M.D. Fla. Sept. 3, 2010) (denying motion for default judgment where, among other

---

[3] Notably, while this statement speaks in term of overtime compensation, the complaint contains no claim for unpaid overtime under the FLSA. Doc. No. 1.

things, "Plaintiff cites no cases, undertakes no analysis, and fails to even mention the Act except in a passing reference to attorney's fees.").

This is particularly problematic for Plaintiff with regard to the FLSA claim (Count I) because, even if the Court looks beyond the motion to the complaint, it does not appear that the complaint sufficiently alleges coverage under the FLSA. The complaint includes only the following allegations that are relevant to coverage under the FLSA:

11. Defendant is a covered entity under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business, and Plaintiffs' work for Defendant, affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

12. During his employment with Defendant, Plaintiff handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: pulled pork, chicken, beef, ground beef, lettuce, tomatoes, cheese, steak, shrimp, onion, cilantro, tomatillo, chips, salsa, wings, garlic, butter, snow crab, king crab, lobster, scallops, mussels, triple sec, limes, tequila, beer, wine, soda, lemonade, spinach, jalapeno, flour tortillas, corn tortillas, scallions, black olives, sour cream, avocado, beans, rice, bell peppers, chorizo, sauce, noodles, ice cream, cookies, churros, potatoes, other food items, telephones, cash registers, pens, notepads, computers, order forms, and other restaurant and bar-related items.

13. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the

instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

14. Defendant grossed or did business in excess of $500,000.00 per year in the years 2021, 2022, 2023 and is expected to gross in excess of $500,000.00 in 2024.

15. During his employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage.

Doc. No. 1 ¶¶ 11–15.

In order to be eligible for relief, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage under the FLSA by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

- 6 -

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29

C.F.R. §§ 776.23(d)(2), 776.24).

> To demonstrate enterprise coverage, the employee must show that:
>
> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta*, 2009 WL 4349806, at *2 (citations omitted); *see* 29 U.S.C. § 203(s)(1).

"District courts cannot presume for enterprise coverage either that the employer

was involved in interstate commerce or that the employer grosses over $500,000

annually." *Id.* (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802,

805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise

coverage under the FLSA to apply, the enterprise must be engaged in commerce

under the statute and must gross over $500,000 annually.")).

Here, though, it is not even clear whether Plaintiff is asserting that either

individual coverage, enterprise coverage, or both exist in his request for default

judgment.   Doc. No. 15.   And as to individual coverage, Plaintiff's allegations that

he worked at a restaurant are alone not enough.   *See, e.g.*, *De Lotta*, 2009 WL

4349806, at *6 ("DeLotta's employment at a restaurant in Osceola County, Florida is

insufficient, standing alone, to establish that he is engaged in commerce or in the production of goods for commerce." (citation omitted)); *Petasne v. La Cucina & Bakery, LLC*, No. 6:07-cv-1280-Orl-31DAB, 2008 WL 2157036, at *3 (M.D. Fla. May 20, 2008) ("There is no showing that a server working in a local restaurant (not alleged to be part of a national chain or franchise) meets any of these criteria."); *see also Martinez v. Palace*, 414 F. App'x 243, 246 (11th Cir. 2011) ("[I]t is difficult to see how Martinez, a cook in a public restaurant, could qualify for this particular type of FLSA [individual] coverage.").[4]

To the extent that Plaintiff references his handling of "various goods and/or materials that have moved through interstate commerce, including, but not limited to: pulled pork, chicken, beef, ground beef, lettuce, tomatoes, cheese, steak, shrimp, onion, cilantro, tomatillo, chips, salsa, wings, garlic, butter, snow crab, king crab, lobster, scallops, mussels, triple sec, limes, tequila, beer, wine, soda, lemonade, spinach, jalapeno, flour tortillas, corn tortillas, scallions, black olives, sour cream, avocado, beans, rice, bell peppers, chorizo, sauce, noodles, ice cream, cookies, churros, potatoes, other food items, telephones, cash registers, pens, notepads, computers, order forms, and other restaurant and bar-related items," this too is by

---

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1354 n.7 (11th Cir. 2007).

itself insufficient.   *See, e.g., Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.,* No. 6:15-cv-709-Orl-40DCI, 2017 WL 10902999, at *2 (M.D. Fla. Jan. 5, 2017) ("Plaintiff maintains that he is entitled to individual coverage under the FLSA because he 'routinely and regularly handled food items that moved in the stream of commerce, including preparing various menu options that contain[ed] snow crab legs, non-native fish, and Cajun specialties,' and because he 'routinely and regularly used kitchen equipment, utensils, and cleaning products that moved in the stream of commerce.'   However, the mere fact that Plaintiff handled food or other items that previously traveled in interstate commerce is not enough to invoke the FLSA's individual coverage" (citations omitted)); *McCraken,* 2010 WL 3463280, at *3 ("Although [Plaintiff] asserts that many of the items she sold had been shipped to the store from outside Florida and she 'resold those goods which had been moved in interstate commerce,' this is of no moment.   'When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act.'" (quoting *Thorne*, 448 F.3d at 1267)).

Insofar as Plaintiff alleges FLSA enterprise coverage, the allegations of the complaint are wholly conclusory and insufficient to support default judgment. Merely alleging that "Defendant is a covered entity under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce," or that

Defendant's "business activities involved those to which the FLSA applies" is not enough.   *See, e.g.*, *Cloer v. Green Mountain Specialties Corp.*, 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (allegation that the defendant "was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA" insufficient to support default judgment); *De Lotta*, 2009 WL 4349806, at *2–3 (conclusory allegations of FLSA coverage were insufficient to support default judgment); *see also Martin v. Barrister's Collection Servs., Inc.*, No. 3:09-cv-00277-J-25TEM, 2009 WL 10670325, at *2 (M.D. Fla. Sept. 23, 2009) (conclusory allegation that "Defendant was an enterprise covered by the FLSA" insufficient to survive motion to dismiss).

As discussed above, Plaintiff also does not address his claim under Fla. Stat. § 68.065, except in passing reference.   Doc. No. 15, at 3–5 & n.1.   The undersigned also notes that "if the complaint does not state a claim on which relief can be granted under the FLSA, the Court would likely decline to retain supplemental jurisdiction over the state law . . . claim."   *See Cloer*, 2019 WL 568358, at *2 (citing 28 U.S.C. § 1367(c)(3)).   Thus, to the extent that Plaintiff renews his motion for default judgment, as set forth below, Plaintiff specifically identify the elements of his claim under Fla. Stat. § 68.065 and demonstrate that the well pleaded allegations of the complaint satisfy each of those elements.

For these reasons, Plaintiff's motion for default judgment (Doc. No. 15) is **DENIED without prejudice**.   It is **ORDERED** that within **fourteen (14) days** of the date of this Order, Plaintiff shall file a renewed motion for default judgment.   The renewed motion must be supported by a memorandum of legal authority setting forth the elements of <u>each</u> cause of action asserted and demonstrating how the well pleaded allegations of the complaint establish <u>each</u> of the elements of the claims for which Plaintiff seeks default judgment.   In making this showing, Plaintiff must provide pinpoint citations to the portions of the complaint (by paragraph number) that establish each of those elements.   If the well pleaded allegations of the complaint establish liability on each claim, then Plaintiff must set forth the legal basis for his entitlement to damages and present evidence sufficient to establish the damages to be awarded.[5]

Alternatively, **within fourteen (14) days** of the date of this Order**,** Plaintiff may file an amended complaint, should he deem it necessary to do so, which must be served on Defendant in compliance with the Federal Rules of Civil Procedure.

---

[5] Plaintiff shall also explain, with citation to legal authority, how the damages sought are not duplicative, given that the minimum wage claim under the FLSA and the claim under Fla. Stat. § 68.065 appear to be based on the same facts—that Plaintiff was not paid for certain workweeks given Defendant's issuance of worthless checks.   *See* Doc. No. 15, at 7–8; Doc. No. 15-2.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties