**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID MIRANDA,

      Plaintiff,

v.                                                   Case No:   6:24-cv-1412-CEM-LHP

VAN MAX, INC., d/b/a CANTINA
DOS AMIGOS,

      Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE (Doc. No. 22)
>
> **FILED:**     May 2, 2025
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On July 31, 2024, Plaintiff David Miranda instituted this action against Defendant Van Max Inc., d/b/a Cantina Dos Amigos, alleging a claim for failure to

pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), and a claim to collect on worthless payment instrument (bad checks) under Fla Stat. § 68.065(3). Doc. No. 1. On April 16, 2025, the parties notified the Court that they had reached a settlement. Doc. No. 19.[1] And on May 2, 2025 the parties filed the above-styled Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice. Doc. No. 22. With the joint motion, the parties filed a fully executed copy of their Settlement Agreement, as well as a declaration from Plaintiff's counsel with billing records in support of the requested attorneys' fees. Doc. Nos. 22-1, 22-2. And on May 8, 2025, the parties filed a Joint Notice of Supplemental Information in Support of the Parties' Joint Motion for Settlement Approval, which attaches a fully executed Amended Settlement Agreement (the "Amended Agreement"). Doc. Nos. 25, 25-1. The parties asked that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and dismiss the case in its entirety with prejudice. Doc. No. 22.

---

[1] Plaintiff previously obtained a Clerk's default against Defendant based on its failure to appear. *See* Doc. Nos. 12-14. However, at the time of the parties' settlement, default judgment had not been granted, and as set forth in the motion, the parties agreed to negotiate a resolution of the case prior to litigating the issue of default. *See* Doc. No. 22, at 2.

The joint motion has been referred to the undersigned. Upon review, however, there are several issues that prevent the undersigned from recommending approval of the parties' agreement.

First, the Amended Agreement contains several one-sided provisions that apply only to Plaintiff: a broad general release, a no rehire provision, a non-disparagement provision, and what appears to be a provision by which Defendant can recover its damages, fees, and costs, for any breach by Plaintiff of the Amended Agreement. Doc. No 25-1, ¶¶ 5, 10, 12, 14. While the parties state in their Joint Motion that they separately negotiated a settlement of Plaintiff's non-FLSA claim, which includes these various provisions, *see* Doc. No. 22, at 3, 5-6, the language of the Amended Agreement is not so clear. For example, the "Conditions" provision, *see* Doc. No. 25-1, ¶ 14, appears to apply to any breach by Plaintiff of the *entire* Amended Agreement, which would necessarily include any provisions relating to Plaintiff's FLSA claim. And the parties do not explain what "damages" means or why such a provision would be valid and enforceable in the FLSA settlement context. Further, the parties only briefly identify the general release in their Joint Motion and nowhere discuss these other provisions, nor do they provide any

authority establishing that such provisions are appropriate for purposes of approval of an FLSA settlement.[2]

Second, and relatedly, the parties do not provide any legal authority to support their contention that a $500.00 payment *both* to resolve a claim *and* as consideration for the provisions listed above – particularly when the provisions are combined in the same FLSA settlement and are one-sided in their application to Plaintiff alone – is appropriate under applicable legal authority in the Eleventh Circuit Court of Appeals and the Middle District of Florida.  The Court has particular concerns given that the parties have chosen to include their settlement of both FLSA and non-FLSA claims in the same agreement, resulting in language that is somewhat unclear as to which provisions apply to which claims.  *See, e.g.*, *Rosario v. Petland Orlando S., Inc.*, No. 6:21-cv-713-RBD-LRH, 2021 WL 3124456, at *5 (M.D. Fla. July 20, 2021), *report and recommendation adopted*, 2021 WL 3183818 (M.D. Fla.

---

[2] The parties cite to only one case in support of their contention that the resolution of the non-FLSA claim and inclusion of various other provisions does not contaminate the fairness of the FLSA settlement.  Doc. No. 22, at 5 (citing *Reynolds v. Lapin Septic Tank Serv., Inc.*, No. 6:19-cv-331-Orl-78-LRH, 2019 WL 11512195 (M.D. Fla. Sept. 27, 2019), *report and recommendation adopted*, No. 6:19-cv-331-Orl-78-LRH, 2019 WL 11505067 (M.D. Fla. Oct. 4, 2019)).  However, in *Reynolds*, the parties entered into two separate settlement agreements – one for the FLSA wage claim and the other for the FLSA retaliation claim – and the plaintiff was provided additional consideration beyond monetary relief to include a neutral reference.  In other words it was clear that the claims were separately negotiated and resolved.  Here, the language of the Amended Agreement itself throws that contention into question.

July 23, 2021) ("No-rehire provisions are generally disfavored and viewed as punishing the plaintiff for exercising his or her rights under the FLSA. In some cases, such provisions are approved when the inclusion of the provision is inconsequential, or separate consideration is paid for the provision." (citations omitted)); *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) ("Provisions in a FLSA settlement agreement that call for . . . prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242–43 (M.D. Fla. 2010); *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010)).

Third, the Amended Agreement contemplates that it may be modified in writing by the parties. Doc. No. 25-1, ¶ 17 ("This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties."). The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through *post hoc* modifications of an already approved agreement. Finally, there is a provision titled "Right to Engage in Protected Activity" stating that Plaintiff may participate in any investigation or proceeding by any federal, state, or local agency, but that

Plaintiff is waiving any rights to individual relief based on any such proceedings brought by Plaintiff or on his behalf, which the parties do not address. Doc. No. 25-1, ¶ 6. This provision also confusingly identifies a "Confidentiality" provision for which the parties also provide no explanation. *Id.*

The Amended Agreement does contain a severability clause. *See* Doc. No. 25-1, ¶ 19. However, given the various issues identified, as well as the lack of legal authority or explanation in support regarding these issues, the Court declines to rewrite the parties' Agreement for them at this time.

For these reasons, the Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice (Doc. No. 22) is **DENIED without prejudice**. A renewed motion, which shall be filed within **thirty (30) days** from the date of this Order, must address the issues outlined in this Order as well as all other issues necessary to resolution of this case (*i.e.*, the parties may not incorporate by reference their prior motion, *see* Local Rule 3.01(f)), and the renewed motion must be supported by a fully executed copy of the parties' Settlement Agreement and must contain legal authority in support of the parties' settlement and the provisions in their agreement.

**DONE** and **ORDERED** in Orlando, Florida on June 25, 2025.

*[Signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties